Opinion by
Willson, J.
§ 149. Petition; in suit to recover money paid for the benefit of another. The petition alleged substantially: 1. That plaintiff executed to defendant a negotiable-promissory note for $2,109.73. 2. That afterwards, by various payments made to defendant, he fully paid off and discharged said note, believing that defendant was the owner and holder of the same at the time said payments were made. 3. That without his knowledge defendant transferred said note before it- became due, and before said payments were made, and that said note had become the property of M. L. & Co. at the time it was fully discharged by plaintiff, but that plaintiff at that time was not aware of that fact, but, on the contrary, was made to believe by the representations of defendant that he, defendant, still held the note. 4. That at the same time plaintiff owed another note for $354.70, which belonged to said M. L. & Co., and was in the hands of J. & J. B. for collection. 5. That the first-named note was also in the hands of J. &' J. B. for collection, but he was ignorant of that fact, and supposed it was still in the hands of defendant, having been fully paid. 6. That he paid J. & J. B. the sum of $500, intending said payment to be appropriated to the discharge of the said note for $354.70, and interest. 7. That without his knowledge, said J. & J. B. credited said $500 upon the large note, which had already been fully paid off to said defendant. 8. That plaintiff thereafter fully paid off the smaller note for $354.70, held by said J. & J. B. 9. That plaintiff had also executed to defendant another negotiable promissory note for $824, which had also been transferred, before maturity, by defendant to J. & J. B., and of which transfer plaintiff was ignorant. 10. That plaintiff placed in defendant’s hands two notes for $500 each, subject to *141 credits amounting to about $451, which notes defendant agreed to collect and credit upon plaintiff’s said $824 note. 11. That said balance upon said notes was collected by defendant, but was not credited upon said $824, and was never accounted for by said defendant to plaintiff, and that plaintiff had fully paid said note to J. & J. B. Held, that the petition showed a good cause of action against the defendant, for money paid to his use and benefit by the plaintiff.
April 19, 1884.
§ 150. A void judgment is not competent evidence. A judgment rendered by a court having no jurisdiction of the subject-matter is void, and is not competent evidence.
§ 151. Excessive verdict. When a verdict is manifestly excessive, a new trial should be granted.
Reversed and remanded.